**SOUTHERN BELL TEL. & TEL. CO. v. PAUL'S DRUGS, Inc., et al.**
No. 63-C-12449.

Circuit Court, Dade County.
February 28, 1964.

John H. Wahl, Jr. of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for plaintiff.

Shevin, Goodman & Holtzman, Miami, for defendants.

FRANCIS J. CHRISTIE, Circuit Judge.

This cause coming on to be heard on final hearing and the court having heard the testimony and the same having been duly argued

by the counsel for the respective parties hereto and the court being advised in the premises —

## Findings

That in November, 1960, Southern Bell Telephone and Telegraph Company entered into an agreement with the defendant, Paul's Drugs, Inc., whereby the latter was appointed as one of the telephone company's several neighborhood payment agencies, and authorized to receive and remit to the telephone company payments made by other subscribers for telephone service in accordance with bills or statements rendered by the telephone company to such subscribers. A copy of said agreement is attached to the complaint as exhibit "A".

That the aforesaid agreement was cancelled by the telephone company, effective August 3, 1962, by written notice, a copy of which is attached to the complaint as exhibit "B".

That notwithstanding such termination and cancellation, Paul's Drugs and Renkoff either jointly or severally have persisted in continuing to accept payment of telephone bills from subscribers, payments so accepted being sometimes represented by the subscriber's checks and sometimes in cash.

That the cash receipts have been commingled by Paul's Drugs, Inc. in a personal bank account maintained by Phillip Renkoff, with funds collected for other utilities and companies and with personal funds of Renkoff.

That on several occasions, both before and after the cancellation of the aforesaid contract, the cash receipts have been transmitted to the telephone company by checks drawn against the personal account of Renkoff which were dishonored by the bank on which drawn (although subsequently made good by the defendants).

That the telephone company advised Paul's Drugs to cease and desist from accepting payments of telephone bills by subscribers. That notwithstanding such advice Paul's Drugs and Renkoff have continued to accept such payments aggregating over $5,000 in September and October of 1963, and continuing in substantial amounts to the date of this final hearing.

That the reports of collections submitted by Paul's Drugs to the telephone company are in a form necessitating additional work by telephone company employees. Said reports cover collections made over a period of several days and include collections made, on one occasion, ten days before transmittal.

That on account of such delayed remittances by the defendants, telephone subscribers, after having paid their accounts at Paul's Drugs, but before remittance and receipt thereof by the telephone company, have been notified that their accounts were delinquent and it would be necessary to discontinue telephone service. This has resulted in additional work by telephone company personnel and has adversely affected the relations between telephone subscribers and the company.

That Paul's Drugs has maintained signs within and without the store soliciting the payment of utility bills, including payments from telephone company subscribers. One such sign was removed on February 27, 1964, but the defendant Renkoff testified that other signs remain posted.

That the defendants' admitted purpose of continuing to collect telephone bills is for the purpose of attracting customers to patronize Paul's Drugs, Inc., although the defendants say they have made attempts to discourage such payments.

That the above described actions by the defendants constitute an invasion and interference of the contract relations between the telephone company and its subscribers and has made the performance of satisfactory telephone service more difficult on the part of the company and unless discontinued, the telephone company will continue to be exposed to misunderstandings with such subscribers and potential losses which as an end result will be imposed upon all other subscribers through the rating making process required by law, either of which alternative results will cause irreparable damage preventable only by the interference of a court of equity. Dade Enterprises, Inc. v. Wometco Theaters, Inc., 119 Fla. 70, 160 So. 209 (1935); Johnson v. Gustafson, 277 N.W. 252 (Minn. 1938); Beekman v. Marsters, 80 N.E. 817 (Mass. 1907).

It is therefore ordered, adjudged and decreed that —

*First*, that the court has jurisdiction of the subject matter and the parties to the cause.

*Second*, that the equities are with the plaintiff and against the defendants.

*Third*, that the motion to dismiss the complaint incorporated in the answer be, and the same is, overruled and denied.

*Fourth*, that the defendants be, and they are hereby, permanently and perpetually enjoined from holding themselves out as agents of the telephone company for the purpose of accepting

payments due to the telephone company from its subscribers in the absence of an express contract between the defendants and the telephone company constituting such authorization.

*Fifth*, that the defendants be, and they are hereby, permanently and perpetually enjoined and restrained, jointly and severally, including their officers, servants, agents, representatives and employees, from accepting payments due to the telephone company from its subscribers in the absence of an express contract between the defendants and the telephone company so authorizing.

*Sixth*, that the defendants jointly and severally be, and they are hereby, permanently and perpetually enjoined, including their officers, agents, servants, employees and representatives, to inform and advise any and all telephone company subscribers tendering payments to them that they cannot and will not accept the same, in the absence of an express contract between the telephone company and the defendants so authorizing.

It is further ordered, adjudged and decreed that the plaintiff's costs in the amount of $24.50 be paid by the defendants.